## No. 178.

### A. AND J. TROUSTINE & CO. VS. R. A. WARE AND G. M. MUNN.

1.  Any neglect. or omission to observe the rules of this court strictly, in the preparation of transcripts of the record in the court below, will subject the clerk to the cost of repairing such neglect, or omission ; and a mandate will be directed to him, ordering him to perform his duty ; and, in the meantime, judgment on the appeal will be suspended.
2.  The appellant is protected by the full certificate of the clerk where it is not shown tha he *knew* the transcript to be deficient and procured the certificate notwithstanding.

APPEAL from the Second District Court, Parish of Bienville. *Drew*, J.

---

*D. H. Patterson* and *J. A. Dorman*, for Plaintiffs and Appellants.

*Watkins & Watkins* and *G. M. Dunn*, for Defendant and Appellee:

---

The opinion of the Court was delivered by

WATKINS, J.  An examination of this very inartificial and complicated record has fully satisfied us that no opinion we could render would be satisfactory to ourselves, or do justice to the parties to the appeal.

It appears from certificates of the clerk in the record, that certain important documents are missing therefrom ; others essential to it cannot be found in it; few of those it contains are in their proper places and order ; and the index is very deficient and inaccurate.

Rule 1, paragraph 2, provides :

" The different parts of a record should be made to appear in the order of their respective filings and entries from the minutes, with exact dates."

Ib., paragragh 7, provides : " An accurate alphabetical index should be attached to, and form part of each transcript, affording reference to particular pages of the same (and with proper designations, or words of description), for the pleadings, processes and orders in the suit; for the depositions and testimony of each witness by name," etc.

Ib., paragraph 8, provides : " Any neglect, or omission, to observe this rule strictly will subject the *clerk*, as aforesaid, to the *cost* of repairing such neglect, or omission." Rules of Court, 36 Ann.; 32 Ann.

The clerk who prepared this transcript has been wholly unmindful of this rule and derelict in the performance of his duty.

" The Supreme Court, as well as other courts, possesses the powers which are necessary for the exercise of the jurisdiction given it by law, in all cases not expressly provided for by the present Code." C. P. 877.

" If the record be incomplete because the judge refuses to perform any of his duties, as to sign the exception to his opinion, or, if such imperfection proceed from a similar refusal by the clerk, the Supreme Court shall direct a mandate to such judge, or clerk, ordering him to perform the duty imposed upon him by law, or by the nature of his office, and, in the meantime, it shall *suspend* its judgment on this appeal." C. P. 899.

In *Nathaniel T. Edson vs. Morris McGraw*, 37 Ann. 294, this court says : " Where transcripts transmitted here, under certificates attesting their completeness, are materially deficient by the fault of the clerk making same, the court will not permit it then to be patched up by additional and supplemental transcripts, but will order the clerk to make, at his cost, a *new* transcript of the record below, such as he should have made at first under the rules of the law ; and will eventually exercise its punitory powers, and inflict a fine." R. S. 1907.

Again : "It is apparent that the transcript was made in utter disregard of the rules of the court, and that, far from facilitating, it embarrases an investigation of the case."

Again : " The appellant is protected by the full certificate of the

clerk, when it is not shown that he knew the transcript to be deficient, and procured the certificate notwithstanding."

That opinion is aptly suited to the facts of this case. It is therefore ordered *ex proprio motu* that the clerk shall make, at his cost, a new, perfect and complete transcript of the record in the court below, such as he should have made at first, and in conformity to law and the rules of this court, on or before the next return day for appeals from that court; and that, in the meantime, this court will suspend judgment on the appeal.

Judgment suspended.